Citation Nr: 1607938 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 10-31 591A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for a left shoulder disability.

2. Entitlement to service connection for a right ankle disability.

3. Entitlement to service connection for a cervical spine disability.


REPRESENTATION

Appellant represented by: Florida Department of Veterans Affairs


ATTORNEY FOR THE BOARD

Christopher Murray, Counsel



INTRODUCTION

The Veteran had active military service from July 1978 to July 1998.

This case initially came before the Board of Veterans' Appeals (Board) on appeal of an August 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

The Veteran was scheduled for a videoconference Board hearing in July 2012. He failed to report for the hearing without providing good cause for doing so. As such, the Veteran's request for a Board hearing is considered withdrawn. See 38 C.F.R. § 20.704 (2015).

This case was brought before the Board in February 2014, at which time the appeal was remanded to the Agency of Original Jurisdiction (AOJ) for further development. The issue of service connection for a cervical spine disability is addressed in the REMAND portion of the decision below and is again REMANDED to the AOJ.


FINDINGS OF FACT

1. The Veteran has not been diagnosed with a chronic left shoulder disability at any point during the appeal period.

2. A continuing right ankle disability was not manifested in active service; any current right ankle disability is not otherwise etiologically related to such service.


CONCLUSIONS OF LAW

1. A left shoulder disability was not incurred in or aggravated by active duty service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2015).

2. A chronic right ankle disability was not incurred in or aggravated by active duty service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303.


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

When VA receives a complete or substantially complete application for benefits, it must notify the claimant of the information and evidence not of record that is necessary to substantiate a claim, which information and evidence VA will obtain, and which information and evidence the claimant is expected to provide. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015). See also Quartuccio v. Principi, 16 Vet. App. 183 (2002); Pelegrini v. Principi, 18 Vet. App. 112 (2004).

The Veteran has been provided notice letters throughout the appeal that address all notice elements required. There has been no allegation of notice error in this case. See Shinseki v. Sanders/Simmons, 556 U.S. 396 (2009).

VA must also make reasonable efforts to assist the appellant in obtaining evidence necessary to substantiate the claim for the benefit sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claims. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

VA fulfilled its duty to assist the Veteran in obtaining identified and available evidence needed to substantiate a claim to include where warranted by law, affording the claimant VA examinations. There is no evidence that additional records have yet to be requested, or that additional examinations are in order.

The instant appeal has been previously remanded for further development. There has been substantial compliance with the Board's remand directives, and adjudication of the appeal may proceed as to the issues decided herein. See Stegall v. West, 11 Vet. App. 268, 271(1998).

In light of the foregoing, the Board is satisfied that all relevant facts have been adequately developed to the extent possible; no further assistance to the appellant in developing the facts pertinent to the issue on appeal is required to comply with the duty to assist. 38 U.S.C.A. §§ 5103 and 5103A; 38 C.F.R. § 3.159.

Analysis

Board decisions must be based on the entire record, with consideration of all the evidence. 38 U.S.C.A. § 7104. The law requires only that the Board address its reasons for rejecting evidence favorable to the claimant. Timberlake v. Gober, 14 Vet. App. 122 (2000). The Board must review the entire record, but does not have to discuss each piece of evidence. Gonzales v. West, 218 F.3d 1378 (Fed. Cir. 2000).

It is VA's defined and consistently applied policy to administer the law under a broad interpretation, consistent, however, with the facts shown in every case. When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. By reasonable doubt it is meant that an approximate balance of positive and negative evidence exists which does not satisfactorily prove or disprove the claim. Reasonable doubt is a substantial doubt and one within the range of probability as distinguished from pure speculation or remote possibility. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

Service connection may be established on a direct basis for disability resulting from personal injury suffered or disease contracted in the line of duty in the active military, naval, or air service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. In order to prevail on the issue of service connection there must be competent evidence of a current disability; medical evidence, or in certain circumstances, lay evidence of in-service occurrence or aggravation of a disease or injury; and competent evidence of a nexus between an in-service injury or disease and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999).

Left Shoulder Disability

The Veteran claims service connection for a left shoulder disability as directly related to his period of active service. Specifically, he asserts that he injured his left shoulder after falling down stairs, and has experienced intermittent pain since.

The competent evidence of record does not support a finding that the Veteran has been diagnosed with a chronic left shoulder disability at any point during the appeal period. In this regard, a June 2009 VA examination indicates normal radiological testing of the left shoulder and notes only an old contusion of the left shoulder. Likewise, an April 2014 VA examination found no pathology to render a diagnosis of a left shoulder condition.

The Board acknowledges the Veteran's subjective complaints of left shoulder pain, which are documented by VA treatment records. However, such subjective symptomatology is not, in and of itself, a disability for the purposes of service connection. See, e.g., Sanchez-Benitez v. West, 13 Vet. App. 282, 285 (1999). To prevail on the issue of service connection, there must be competent medical evidence of a current disability at some point during the pendency of the claim. Brammer v. Derwinski, 3 Vet. App. 223 (1992) (in the absence of proof of a present disability, there can be no valid claim for service connection as Congress has specifically limited entitlement to service connection to cases where such incidents have resulted in a disability).

There being no competent medical evidence of a chronic left shoulder disability, the Board finds the preponderance of the evidence is against the claim of service connection for a left shoulder disability. As such, the benefit of the doubt rule does not apply, and the claim must be denied. See 38 U.S.C.A. § 5107 (West 2014).


Right Ankle Disability

The Veteran maintains that he currently suffers from a right ankle disability as a direct result of his active service. Specifically, the Veteran asserts he fractured his ankle during service, resulting in his current disability.

While the evidence reveals that the Veteran currently suffers from a right ankle sprain, the competent, probative evidence of record does not etiologically link the Veteran's current disability to his service or any incident therein. Service treatment records indicate the Veteran sought treatment in March 1987 for a twisting injury of the right ankle, which was diagnosed as a severe right ankle sprain and treated with a cast for six weeks. Subsequent records indicate the injury fully resolved without complications or sequelae. See March 1990 Report of Medical Examination. There are no other complaints pertaining to the right ankle during service. As such, the Board finds the Veteran did not suffer a chronic right ankle disability during active service.

Following service separation, private treatment records dated January 1999 indicate the Veteran sought treatment for complaints of a sudden onset of pain to the lateral side of his right foot. X-rays at the time were essentially negative, and the physician diagnosed tendonitis "probably related to his work" as an installer for a telephone company, which involved the frequent use of a ladder.

The Veteran was afforded a VA examination in April 2014, during which the examiner noted the Veteran's history of a right ankle sprain while in service. After reviewing the Veteran's service treatment records and claims folder, and examining the Veteran, the VA examiner opined that it is less likely than not that the Veteran's current disability is etiologically related to his active service. In this regard, the VA examiner noted that, while current x-rays show evidence of an old ununited fracture about the medial malleolus, his current pain is located on the lateral, and not medial, side of the ankle. The examiner also noted that x-rays performed in both 1987 and 1999 revealed no evidence of an old fracture of the right foot and, as it is unlikely that such an injury would be missed at both examinations, it is more likely that the fracture of the right medial malleolus occurred sometime after 1999. Finally, the VA examiner also noted the Veteran's post-service occupation was highly physical in nature and involved being on a ladder "a lot." 

In sum, the Board finds that there is no evidence of a chronic right ankle disability in service. The threshold question therefore is whether there is sufficient medical evidence to establish an etiological link between the Veteran's current right ankle disability and his in-service right ankle sprain. The preponderance of the evidence is against this aspect of the Veteran's claim. The Veteran has produced no competent evidence or medical opinion in support of his claim, and the negative VA etiological opinion weighs against granting the Veteran's claim.

The Board acknowledges that the Veteran himself has claimed that he suffers from a right ankle disability as directly related to his active service. However, while the Veteran is competent to report (1) symptoms observable to a layperson, e.g., pain; (2) a diagnosis that is later confirmed by clinical findings; or (3) a contemporary diagnosis, he is not competent to independently render a medical diagnosis or opine as to the specific etiology of a condition. See Davidson v. Shinseki, 581 F.3d 1313 (2009). Consequently, the Veteran's lay assertions of medical diagnosis or etiology cannot constitute evidence upon which to grant the claim for service connection, and the Board affords these statements little probative value. Latham v. Brown, 7 Vet. App. 359, 365 (1995).

Accordingly, the Board concludes that the preponderance of the evidence is against the claim for service connection for a right ankle disability, and the benefit of the doubt rule does not apply. See 38 U.S.C.A. § 5107.


ORDER

Service connection for a left shoulder disability is denied.

Service connection for a right ankle disability is denied.


REMAND

As noted above, the claim of service connection for a cervical spine disability was previously remanded by the Board in February 2014. Specifically, the Board determined that a June 2009 VA examination contains an inadequate etiological opinion, and instructed the Veteran be provided a new VA examination. While the requested examination was performed in April 2014, it is also inadequate as it pertains to a cervical spine disability. In this regard, the VA examiner noted the Veteran stated he had "no problems" with his neck, and the examination at the time was "totally normal." However, these findings are contrary to the evidence of record, and also internally inconsistent with the diagnostic findings of the VA examination itself. Specifically, the evidence shows the Veteran has been diagnosed with degenerative arthritis of the cervical spine. Further, VA treatment records indicate the Veteran has complained of intermittent neck pain since approximately 1996. While the Veteran may not have been experiencing associated symptomatology on the day of the VA examination, it is clear he has been diagnosed with a chronic cervical spine disability during the appeal period. Therefore, another remand is required to obtain an addendum opinion regarding the etiology of the Veteran's degenerative arthritis of the cervical spine, or any other diagnosed cervical spine disability.

Accordingly, the case is REMANDED for the following action:

1. Return the claims file to the VA examiner that conducted the April 2014 VA examination for an additional addendum opinion. If this examiner is not available, forward the claims file to another appropriate VA examiner, affording the Veteran a new VA examination if deemed clinically necessary.

Following a complete review of the claims file, and physical examination of the Veteran if performed, the examiner is to opine as to whether it is at least as likely as not (probability of at least 50 percent) that the Veteran's currently diagnosed degenerative arthritis of the cervical spine had its onset or is otherwise etiologically related to his period of active service. In offering this opinion, the examiner is instructed to concede a current diagnosis of degenerative arthritis of the cervical spine and must address the documented complaints of in-service neck pain and intermittent neck pain since.

A detailed rationale must be provided for any opinion provided, including a discussion of the evidence of record and medical principles which led to the conclusions reached.

2. Review the addendum opinion and ensure its compliance with the instruction above. If the report or addendum opinion is deficient, corrective measures must be undertaken prior to recertification of the appeal to the Board.

3. After completing the above, and any other development deemed necessary, readjudicate the Veteran's claim based on the entirety of the evidence. If the benefits sought on appeal are not granted to the appellant's satisfaction, he and his representative should be provided with a supplemental statement of the case. An appropriate period of time should be allowed for response. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


______________________________________________
MICHAEL D. LYON
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs